WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Dale Maisano,<br><br>    Plaintiff,<br><br>vs.<br><br>Dr. J.R. La Voy, et al.,<br><br>    Defendants. | No. CV 14-1732-PHX-SMM (MHB)<br><br>**O R D E R** |

Plaintiff Dale Maisano, who is confined in the Arizona State Prison Complex-Florence in Florence, Arizona, has abused the legal process egregiously and often. He is subject to a February 20, 2014 Injunction Order that enjoins him from filing or lodging more than one *in forma pauperis* lawsuit per month. *See* Doc. 4 in *Maisano v. Clark*, 14-CV-0001-TUC-RCC (D. Ariz. 2014).[1] As to the one lawsuit per month, the Injunction Order reiterates and supplements the terms of the 1992 Restraining Order in *Maisano v. Lewis*, CV 92-1026-PHX-SMM (MS), that enjoins him from filing any civil action in this or any other federal court without first obtaining leave of the court. *Id.*

Pursuant to the Injunction Order, to obtain leave to file, Plaintiff must file a motion for leave to file captioned as an "Application Pursuant to Court Order Seeking Leave to File." In the Application, Plaintiff must:

---

[1] In an April 8, 2014 Order, the Ninth Circuit Court of Appeals reviewed Plaintiff's Notice of Appeal of the Injunction Order and Plaintiff's accompanying documents, concluded that "the appeal is so insubstantial as to not warrant further review," and did not permit the appeal to proceed. *See* Doc. 8 in 14-CV-0001-TUC-RCC.

(1) file an affidavit certifying that the claim or claims presented are new and have never been raised and disposed of on the merits by any federal court;

(2) certify that, to the best of his knowledge, the claim or claims presented are not frivolous or taken in bad faith; and

(3) affix to the Application a copy of February 20, 2014 Injunction Order in 14-CV-0001-TUC-RCC, the January 29, 2014 Order to Show Cause in 14-CV-0001-TUC-RCC, the 1992 Restraining Order in *Maisano v. Lewis*, 92-CV-1026-PHX-SMM (MS); **and** a list of all cases previously filed involving similar or related causes of action.

**"The failure to comply strictly with the terms of th[e Injunction] Order shall be sufficient ground to deny leave to file**." *Id.*

On July 31, 2014, Plaintiff filed an Application Pursuant to Court Order Seeking Leave to File (Doc. 1) and lodged an Application to Proceed *In Forma Pauperis* and a civil rights Complaint. Although Plaintiff submitted the Application; the required affidavit and certification; the list of previously filed cases; a copy of the February 20, 2014 Injunction Order; and a copy of the 1992 Restraining Order, he did not file a copy of the January 29, 2014 Order to Show Cause. Plaintiff, therefore, has failed to comply strictly with the court-mandated pre-filing requirements. Accordingly, Plaintiff's Application will be denied and this action will be dismissed without prejudice.[2]

. . . .

. . . .

. . . .

. . . .

---

[2] Even if Plaintiff had filed a copy of the January 29, 2014 Order to Show Cause, the Court still would have dismissed the Complaint. Because Plaintiff has "three strikes," the February 20, 2014 Injunction Order also requires that if Plaintiff attempts to file an *in forma pauperis* lawsuit, any Complaint he files or lodges "must clearly, coherently, and credibly allege that Plaintiff is under imminent danger of serious physical injury." Plaintiff's lodged Complaint does not meet this requirement and does not make "a *plausible allegation* that the prisoner faced 'imminent danger of serious physical injury' at the time of filing." *Andrews v. Cervantes*, 493 F.3d 1047, 1055 (9th Cir. 2007) (emphasis added).

**IT IS ORDERED:**

(1) Plaintiff's Application Pursuant to Court Order Seeking Leave to File (Doc. 1) is **denied** and this case is **dismissed without prejudice**. The Clerk of Court must enter judgment accordingly and close this case.

(2) **The Clerk of Court must accept no further documents for filing in this case number, other than those in furtherance of an appeal**.

DATED this 2nd day of September, 2014.

*Stephen M. McNamee*
Stephen M. McNamee
Senior United States District Judge